# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

---

|  |  |  |
|---|---|---|
| AUDREY BELL, | ) | |
|      Plaintiff, | ) | |
| | ) | |
| v. | ) | Docket No. |
| | ) | |
| GLEN KRUGER, | ) | |
|      Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff Audrey Bell ("Bell") brings this complaint against defendant Glen Kruger ("Kruger") asserting claims arising from Kruger's installation of "WebWatcher Computer Monitoring Software" on various electronic devices of Bell's and Kruger's intentional tortuous battery of Bell.

## PARTIES

1.   Audrey Bell is a citizen of the United States and resides at 17 Irving Street, Apartment 1, Boston, Massachusetts, 02114.

2.   Glen Kruger is a citizen of the United States and at all times relevant to this matter resided at 15 Joy Street, Apartment 6, Boston, Massachusetts, 02114.

3.   Bell and Kruger were formerly in a dating relationship.

## JURISDICTION AND NATURE OF ACTION

4.   Count I of this complaint asserts a claim arising from 18 U.S.C. § 2510-2511, 2520, and this court has original jurisdiction over this claim under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

5.  Count II of this complaint asserts a claim arising from Mass. Gen. Laws c. 272, § 99, and this court has supplemental subject matter jurisdiction under 28 U.S.C. § 1367.

6.  Count III, Count IV, and Count V of this complaint assert common law claims sounding in tort and this court has supplemental subject matter jurisdiction under 28 U.S.C. § 1367.

## VENUE

7.  Venue is proper in this judicial district because the acts and omissions complained of occurred in this judicial district.

## FACTS

8.  On or about the spring of 2009, Bell and Kruger entered into a dating relationship.

9.  On or about October 2010, Bell terminated the dating relationship between Bell and Kruger.

10. During the course of Bell and Kruger's dating relationship, Kruger knowingly and intentionally installed on three computers and a BlackBerry wireless device owned by Bell an electronic monitoring device that intercepted electronic communications.

11. On information and belief, the electronic monitoring device installed by Kruger was a software program, marketed as "WebWatcher Computer Monitoring Software," sold and operated by Awareness Technologies, Inc., a Delaware corporation with a principal place of business at 4640 Admiralty Way, Suite 1010, Marina Del Ra, California, 90292 (heretofore "the electronic monitoring device").

12. At a Massachusetts General Laws 209A restraining order hearing held at the Boston Municipal Court, Central Division, on December 3, 2010, Kruger admitted to installing the electronic monitoring device.  Please see the transcript of the Massachusetts General Laws 209A restraining order hearing at pages 30-31 and 41-43 attached hereto as Exhibit A.

13. Kruger installed the electronic monitoring device without Bell's knowledge, authority, or consent.

14. The electronic monitoring device acquired the content of Bell's electronic communications, including but not limited to the transfer of signs, signals, writings, images, and data transmitted via the internet.

15. The electronic monitoring device contemporaneously or instantly acquired the content of Bell's electronic communications.

16. The electronic monitoring device acquired and instantaneously transmitted to Kruger duplicate copies of some or all of Bell's electronic communications.

17. Kruger used the "keylogger" function of the electronic monitoring device to intercept Bell's keystrokes, including the passwords to Bell's mail.google.com, commonly known as "gmail," email account; Bell's Microsoft Outlook email account; and Bell's facebook.com account.

18. Kruger used the "screenshot" function of the electronic monitoring device to intercept, duplicate, and transmit to Kruger copies of the image displayed on the screen of Bell's computers and Blackberry wireless device.

19. Kruger used the electronic monitoring device to gain access to Bell's accounts on password protected websites, including but not limited to mail.google.com, commonly known as "gmail;" Microsoft Outlook; and facebook.com.

20. Kruger read electronic mail communications addressed to and from Bell without Bell's knowledge or consent.

21. On more than one occasion, Kruger deleted electronic mail addressed to Bell without Bell's knowledge or consent.

22. On or about September 25, 2010, Kruger did intentionally lay his hands on Bell and pushed and/or shoved Bell without Bell's permission or consent.

23. At a Massachusetts General Laws 209A restraining order hearing held at the Boston Municipal Court, Central Division, on December 3, 2010, Kruger admitted to shoving Bell.  Please see the transcript of the Massachusetts General Laws 209A restraining order hearing at pages 36-37 and 39-40 attached hereto as <u>Exhibit A</u>.

## <u>CLAIMS FOR RELIEF</u>

### <u>COUNT I</u>
*Interception of Electronic Communications in Violation of*
*the Electronic Communications Privacy Act of 1986 18 U.S.C. § 2511, 2520*

24. On or about dates during the course of Kruger and Bell's dating relationship to on or about December 2010, Kruger did intentionally and maliciously intercept the content of Bell's electronic communications.

25. Kruger did intercept the content of Bell's electronic communication using an electronic device.

26. Kruger did intentionally intercept Bell's electronic communications without Bell's knowledge, authority, or consent.

27. Bell has a reasonable expectation of privacy in the content of the intercepted electronic communications.

28. Kruger's interception of the content of Bell's electronic communications violated the Electronic Communications Privacy Act of 1986, 18 U.S.C. § 2511.

29. Bell as a direct and proximate result of Kruger's violation of the Electronic Communications Privacy Act of 1986, 18 U.S.C. § 2511, has suffered harm to her privacy interests.

30. Bell as a direct and proximate result of Kruger's violation of the Electronic Communications Privacy Act of 1986, 18 U.S.C. § 2511, has suffered mental distress.

31. Bell as a direct and proximate result of Kruger's violation of the Electronic Communications Privacy Act of 1986, 18 U.S.C. § 2511, has suffered special damage of which the violation is a legal cause and which was reasonably foreseeable.

## COUNT II
### *Interception of Electronic Communications in Violation of Massachusetts General Law c. 272, § 99*

32. On or about dates during the course of Kruger and Bell's dating relationship to on or about December 2010, Kruger did intentionally and maliciously intercept the content of Bell's wire communications.

33. Kruger did intercept the content of Bell's wire communication using an intercepting device.

34. Kruger did intentionally intercept the content of Bell's wire communications without Bell's knowledge, authority, or consent.

35. Bell has a reasonable expectation of privacy in the content of the intercepted wire communications.

36. Bell's personal interests and privacy were violated by means of Kruger's interception.

37. Kruger's interception of the content of Bell's wire communications violated Mass. Gen. Laws c. 272, § 99.

38. Bell as a direct and proximate result of Kruger's violation of Mass. Gen. Laws c. 272, § 99, has suffered harm to her privacy interests.

39. Bell as a direct and proximate result of Kruger's violation of the Mass. Gen. Laws c. 272, § 99, has suffered mental distress.

40. Bell as a direct and proximate result of Kruger's violation of the Mass. Gen. Laws c. 272, § 99, has suffered special damage of which the violation is a legal cause and which was reasonably foreseeable.

## COUNT III
### *Common Law Invasion of Privacy*

41. The conduct of Kruger, including but not limited to the interception of the content of Bell's electronic communications, the reading and deleting of Bell's electronic mail, and the accessing of Bell's accounts on password protected websites, intruded upon Bell's solitude and seclusion.

42. Kruger's intrusion upon Bell's solitude and seclusion was intentional.

43. Kruger's intrusion upon Bell's solitude and seclusion was highly offensive to the reasonable person.

44. Bell as a direct and proximate result of Kruger's intrusion upon Bell's solitude and seclusion has suffered harm to her privacy interests.

45. Bell as a direct and proximate result of Kruger's intrusion upon Bell's solitude and seclusion has suffered mental distress.

46. Bell as a direct and proximate result of Kruger's intrusion upon Bell's solitude and seclusion has suffered special damage of which the invasion is a legal cause and which was reasonably foreseeable to Kruger at the time of the invasion of privacy.

### COUNT IV
*Intentional Infliction of Emotional Distress*

47. The conduct of Kruger, including but not limited to the interception of the content of Bell's electronic communications, the reading and deleting of Bell's electronic mail, and the accessing of Bell's accounts on password protected websites, was extreme and outrageous.

48. Kruger's conduct was intentional or reckless.

49. Bell suffered emotional distress as a result of Kruger's conduct.

50. Bell's emotional distress was severe.

### COUNT V
*Tortious Battery*

51. On September 25, 2010, Kruger did intentionally cause a harmful and/or offensive contact with the person of Bell when he intentionally laid his hands on Bell and pushed and/or shoved Bell.

52. Kruger appreciated the offensiveness or wrongfulness of his act.

53. Bell did not consent to the contact or participate in the acts bringing about the harmful and/or offensive bodily contact.

54. The harmful and/or offensive bodily contact was not justified.

55. Bell suffered emotion distress, mental anguish, and pain and suffering as a result of the harmful and/or offensive bodily contact.

## **PRAYER**

Plaintiff Audrey Bell prays that this Court:

A. Issue preliminary and permanent injunctive relief requiring that Kruger cease all interception of Bell's wire and electronic communications;

B. Award Bell damages in the amount of $100 for each day of each of Kruger's violations of 18 U.S.C. § 2511 or $10,000, whichever is greater, pursuant to 18 U.S.C. § 2520;

C. Award Bell punitive damages pursuant to 18 U.S.C. § 2520;

D. Award Bell reasonable attorney's fee and other litigation costs reasonably incurred, pursuant to 18 U.S.C. § 2520;

E. Award Bell damages in the amount of $100 for each day of each of Kruger's violations of Mass. Gen. Laws c. 272, § 99, or $1,000, whichever is greater, pursuant to Mass. Gen. Laws c. 272, § 99(Q)(1);

F. Award Bell punitive damages pursuant to Mass. Gen. Laws c. 272, § 99(Q)(2);

G. Award Bell reasonable attorney's fee and other litigation costs reasonably incurred, pursuant to Mass. Gen. Laws c. 272, § 99(Q)(3);

H. Award Bell all costs incurred in an amount as of yet unknown to remove the electronic monitoring device installed by Kruger, repair any damages caused by Kruger's installation of the electronic monitoring device, for the loss of two computers that no longer function as a result of the electronic monitoring device, and for the cost of a computer purchased to replace those computers on which the electronic monitoring device was installed;

I.  Award Bell damages for mental pain and emotional distress suffered by Bell;

J.  Award Bell damages in an amount as of yet unknown for lost wages, lost earning capacity, and for medical and other expenses incurred as a result of the mental pain and emotional distress suffered by Bell;

K.  Award Bell damages in an amount as of yet unknown for the injuries suffered as a result of her pain and suffering caused by the battery alleged in Count V;

L.  Award Bell nominal damages in an amount as of yet unknown for the battery alleged in Count V;

M.  Award Bell interest as permitted by law; and

N.  Grant such other and further relief as this Court deems as just and proper.

<u>**JURY DEMAND**</u>

Plaintiff Audrey Bell requests a trial by jury on all counts so triable.

AUDREY BELL,

By her attorneys,

CRAIG AND MACAULEY
PROFESSIONAL CORPORATION

Dated: March 8, 2011

/s/  Allison M. O'Neil
Allison M. O'Neil, Esq. (BBO#641330)
Craig and Macauley
  Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
(617) 367-9500
aoneil@craigmacauley.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 8, 2011.

/s/ Allison M. O'Neil
Allison M. O'Neil